Julius A. PETRO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 16666.

United States Court of Appeals Sixth Circuit.

Nov. 23, 1966.

William L. Keener, Cincinnati, Ohio (Court Appointed), Julius A. Petro, in pro. per., on brief, for appellant.

Harry E. Pickering, Cleveland, Ohio, Merle M. McCurdy, U. S. Atty., Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before WEICK, Chief Judge, and PHILLIPS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Petitioner-appellant was convicted in 1952 of bank robbery with force and violence and putting the life of a bank branch manager in jeopardy, in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and was sentenced to a prison term of twenty-five years. His conviction was affirmed by this court. Petro v. United States, 6 Cir., 210 F.2d 49, cert. denied, 347 U.S. 978, 74 S.Ct. 790, 98 L.Ed. 1116.

On July 10, 1963, he filed a motion to vacate sentence, which was overruled by the late District Judge Charles J. McNamee. No appeal was perfected from that decision.

The present case originated as a motion to correct sentence under Rule 35, Fed.R.Crim.P., but appellant appears also to seek relief under 28 U.S.C. § 2255. The motion was overruled in a well reasoned opinion by District Judge James C. Connell.

Appellant was found guilty of forcibly taking $71,000 from a bank branch manager who was transporting the money from the main office to a branch office in an automobile. Appellant and a companion, both wearing burlap hoods, stopped the car. One smashed the car window with a sawed-off shotgun and the other pointed a revolver at the bank manager and removed the money.

Appellant attacks the charge of Judge McNamee to the jury and contends that he could not have been found guilty under this charge of the offense of putting the life of the bank branch manager in jeopardy. Upon this argument he seeks to have his sentence corrected by a reduction to twenty years. He also contends in this court that the indictment should have set forth two counts instead of one.

■ Considering this action as a motion to correct an illegal sentence under Rule 35, we find that the sentence was in conformity with the statute and responsive to the indictment. The purpose of Rule 35 is to permit the court at any time to correct a sentence that "the judgment of conviction did not authorize." United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248. Its function, which is a narrow one, is to permit the correction of an illegal sentence, and not to permit a reexamination of errors occurring during the trial. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, rehearing denied, 369 U.S. 808, 82 S.Ct. 640, 7 L.Ed.2d 556. It is not contemplated in such a proceeding to go outside the record to entertain a collateral attack upon the sentence. Johnson v. United States, 334 F.2d 880, 883 (C.A.6), cert. denied, 380 U.S. 935, 85 S.Ct. 942, 13 L.Ed.2d 822.

■ Considering the action as a motion to vacate sentence under 28 U.S.C. § 2255, we find no violation of any constitutional right of appellant.

■ It is well settled that neither a motion to correct sentence under Rule 35 nor a motion to vacate sentence under §

2255 may be used as a substitute for appeal. Johnson v. United States, supra; Hill v. United States, 223 F.2d 699, 701 (C.A.6), cert. denied, 350 U.S. 867, 76 S. Ct. 113, 100 L.Ed. 768.

The judgment of the district court is affirmed.

Appreciation is expressed to Mr. William L. Keener of the Cincinnati Bar for his services as court-appointed counsel for appellant.