UNITED STATES of America

v.

**Joseph FLENORY, Appellant.**

No. 88–3817.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
May 18, 1989.

Decided May 26, 1989.

George E. Schumacher, Federal Public
Defender, Pittsburgh, Pa., for appellant,
Joseph Flenory.

Charles D. Sheehy, Acting U.S. Atty.,
Bonnie R. Schlueter, Asst. U.S. Atty., Pittsburgh, Pa., for appellee, U.S.

Before GIBBONS, Chief Judge,
MANSMANN and ALDISERT, Circuit
Judges.

### OPINION OF THE COURT

GIBBONS, Chief Judge:

Joseph Flenory appeals from an order
denying a Fed.R.Crim.P. 35 motion. As a
result of a plea bargain in 1976, he was
sentenced to six years and nine months for
violation of 21 U.S.C. § 841(a)(1), a sentence which included a three-year special
parole term. He contends, and for purposes of this appeal we assume, that the
federal sentence was to be concurrent with,
and not exceeding, a state court sentence
and that the purpose of the plea agreement
was to avoid the risk of state incarceration
because of his cooperation in an investigation.

Flenory was released by the federal authorities in March of 1981. He was taken
into state custody and served part of his
1976 state sentence. He was paroled by
the state authorities, and he began serving
his three-year federal parole term on January 14, 1983. In 1984 he was charged with,
and pleaded guilty to, indecent assault and
theft by deception. The state court sentenced him to two one- to two-year concurrent terms on these charges.

The state also charged Flenory with violation of his parole on the 1976 state sentence, and he was required to serve the
remainder of that five- to ten-year term.
The Federal Parole Commission revoked
his parole on January 8, 1988. Having
served all of his state sentence, he now
faces an additional three years of federal
time. This, he contends, violates the plea
agreement made in 1976.

The district court held that it lacked jurisdiction to entertain a Rule 35 motion because the 1976 sentence was not illegal, and thus the 120 day time limit in Rule 35(b) is applicable.

Unquestionably the sentence imposed in 1976 was "legal" in the sense that it was within the statutory maximum, it did not violate double jeopardy, and it was not ambiguous or contradictory. *See United States v. Katzin*, 824 F.2d 234, 237 (3d Cir.1987). On the other hand, if it violated a plea agreement, it was illegal in the sense that a breach of a plea agreement is ground for the withdrawal of a guilty plea. *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Since on this record we must assume such a breach, the sole question presented is whether Rule 35(a) is a source of authority to afford relief. The question is one of first impression in this court, although at least one other court has held that Rule 35(a) relief is not available for relief from breach of a plea agreement. *See United States v. Warren*, 610 F.2d 680, 684 (9th Cir.1980); *United States v. Stevens*, 548 F.2d 1360, 1362 (9th Cir.1977). It is, however, a question we do not answer today, because we decide this case on other grounds.

Whether or not Rule 35 relief is available, it appears that a sentence imposed in violation of a plea bargain is one "imposed in violation of the Constitution or laws of the United States" within the meaning of 28 U.S.C. § 2255. The Rule 35 motion was addressed to the same court that has jurisdiction to entertain a section 2255 motion. The United States was informed of the grounds of the motion. It would elevate form over substance to hold that Flenory's motion should be denied for lack of jurisdiction because he cited Rule 35 rather than section 2255.

We hold, therefore, that the district court had jurisdiction to entertain Flenory's contention that the parole feature of the 1976 sentence, if it permits incarceration after completion of his full state sentence, violated a plea bargain. The order appealed from will therefore be reversed, and the case remanded for further proceedings on the merits.