### UNITED STATES of America

v.

### Alexander Eugenio MOSKOVITS.

### Cr. No. 87–284–01.

United States District Court, E.D. Pennsylvania.

Feb. 12, 1993.

Uristin Hayes, Asst. U.S. Atty., Philadelphia, PA, for U.S.

Scott Srebnick, Miami, FL, for defendant.

## OPINION

LOUIS H. POLLAK, District Judge.

At issue today is defendant Alexander Moskovits' motion to vacate the judgment of his conviction and sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, I conclude that there has been no abuse of

the writ and that an evidentiary hearing is required to resolve issues of material fact pertaining to the merits of defendant's petition.

### I.

### Procedural History

In June of 1988, a jury found Moskovits guilty of conspiracy to distribute in excess of one kilogram of cocaine; four counts of possession with intent to distribute cocaine; five counts of causing interstate and foreign travel with intent to promote unlawful activity; and eight counts of unlawful use of a telephone to facilitate a drug conspiracy. On September 7, 1988, I sentenced Moskovits to a period of incarceration of seventeen years (divided between a mandatory minimum of ten years without parole on Count Eight, a possession count, and seven years on Count One, the conspiracy count). Moskovits appealed from the judgment of sentence, and, on April 13, 1989, the Third Circuit affirmed his conviction in an opinion not for publication. The Supreme Court denied certiorari on October 2, 1989.

Approximately two weeks after the Supreme Court denied certiorari, Moskovits filed a *pro se* "Motion for Correction of Sentence Pursuant to Federal Rule of Criminal Procedure 35(a)." Therein, Moskovits argued, among other things, that his sentence on Count Eight had been improperly enhanced on the basis of a prior conviction in Mexico obtained without the assistance of defense counsel at critical stages of the proceedings.[1] Subsequently, James D. Crawford, Esq., entered his appearance for defendant and consideration of that motion was held in abeyance at Mr. Crawford's request. Thereafter, on November 28, 1990, William M. Kunstler, Esq., entered his appearance for defendant and filed a new motion styled as a "Motion Under 28 U.S.C. § 2255 and FRCRP 35(a) & (b)." That motion, which expressly incorporated the previous *pro se*

---

1. Under the applicable statutory scheme, the mandatory minimum sentence for possession with intent to distribute a cocaine-containing substance weighing more than 500 grams—normally five years—is raised to ten years when the person convicted has had a prior felony conviction under either state, federal, or foreign law. 21 U.S.C. § 841(b)(1)(B). In light of this provision and Moskovits' Mexican conviction, I felt compelled to sentence Moskovits to a ten-year mandatory minimum on Count Eight, the possession count.

Rule 35(a) motion, argued that defendant's trial counsel, Robert Simone, Esq., rendered constitutionally ineffective assistance of counsel by failing to argue to the court at sentencing that the Mexican conviction was obtained in violation of due process and therefore should not enhance Moskovits' sentence. The combined § 2255/Rule 35 motion requested a *de novo* sentencing hearing to evaluate what effect the Mexican conviction and ineffective assistance of counsel might have had upon the sentence.

In a September 9, 1991 order,[2] I granted defendant's motion to vacate his sentence.[3] (The government's motion to reconsider that decision was denied on January 13, 1992.) A resentencing hearing was held on March 3, 1992, after which I imposed a five-year mandatory minimum on Count Eight, to be followed by ten further years of imprisonment (seven years on Count One and three years on Count Twenty) for an aggregate of fifteen years. On March 9, 1992, defendant filed a notice of appeal from the sentence, and, in an August 26, 1992 memorandum opinion, the March 3, 1992 sentence was affirmed.[4]

Prior to the disposition of his appeal from the new sentence, defendant, now represented by Scott Srebnick, Esq., filed the instant § 2255 motion with this court. This motion seeks to vacate Moskovits' conviction on two related grounds: that (1) he was deprived of his constitutional right to testify when his trial counsel, Mr. Simone, wrongly assumed that the Mexican conviction was valid and advised Moskovits that if he chose to testify that conviction would more than likely be used for impeachment purposes, and (2) this advice constituted constitutionally deficient assistance of counsel.[5] In its response to the § 2255 motion, the government argues that the petition should be dismissed either as an abuse of the writ, or, on the merits, on the theory that Moskovits exercised a free choice in not testifying.

## II.

### Abuse of the Writ

A determination as to whether the writ has been abused is "preliminary as well as collateral to a decision as to the sufficiency or merits of the allegation [of the petition] itself." *Price v. Johnston,* 334 U.S. 266, 287, 68 S.Ct. 1049, 1061, 92 L.Ed. 1356 (1948). In *McCleskey v. Zant,* —— U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the Court decided that it may constitute abuse of the writ to raise in a second or subsequent federal petition a claim that the petitioner could have raised in a previous petition, regardless of whether the failure to raise it earlier stemmed from a deliberate choice. Relying on *McCleskey,* the government argues that defendant has abused the writ by including claims in the instant § 2255 motion that were not raised in Moskovits' previous § 2255/Rule 35 motion. Because in my view the prior motion should be regarded as a motion under former Rule 35,[6] and because there

---

**2.** The September 9, 1991 order implemented an August 21, 1991 bench opinion, which was filed on August 28, 1991 and published as *United States v. Moskovits,* 784 F.Supp. 183 (E.D.Pa. 1991).

**3.** In doing so, I relied on *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), which, in the context of a prior foreign conviction, has been interpreted to require resentencing where (1) the prior conviction was uncounseled, (2) the sentencing judge mistakenly believed that the prior conviction was valid, and (3) the sentencing judge enhanced the sentence based on the prior conviction. *See United States v. Fleishman,* 684 F.2d 1329, 1346 (9th Cir.), *cert. denied,* 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982).

**4.** The Court of Appeals also denied a motion by defendant seeking to stay the appeal and remand to this court for litigation of the merits of the claims raised in his present § 2255 motion. In denying the motion to stay the appeal, the court "express[ed] no opinion on the merit or lack of merit on the issues which are the subject of the motion, nor the appropriateness or inappropriateness of the motion in light of *McCleskey v. Zant,* [—— U.S. ——] 111 S.Ct. 1454 [113 L.Ed.2d 517] (1991)." *United States v. Moskovits,* No. Civ. A. 92–1188, slip op. at 12 n. 1 (3d Cir. August 26, 1992) [975 F.2d 1552 (table)].

**5.** Defendant has also recently filed a motion under former Rule 35(b) for reduction of sentence. It would appear appropriate to defer consideration of that motion until the merits of the instant § 2255 petition are resolved.

**6.** Because Moskovits was convicted for an offense committed prior to November 1, 1987, it is former Rule 35 that is applicable in this case. That rule states, in pertinent part:

can be no abuse of the writ based on a failure to include in a Rule 35 motion claims that go to the validity of the conviction itself, there has been no abuse of the writ and it will be necessary to resolve defendant's claims on their merits.

It is true that Moskovits, through Mr. Kunstler, has already filed a motion denominated, in part, as a § 2555 motion, and that the motion failed to include the claims raised in the instant motion challenging the validity of his underlying conviction. However, the motion submitted by Mr. Kunstler has to be viewed in context. Before Mr. Kunstler's motion, Moskovits had filed his own *pro se* motion to correct his sentence under former Rule 35(a)—a motion that challenged the terms of his sentence by providing new information to the district court about the validity of the Mexican conviction. This is precisely what former Rule 35 was designed to do. *See* Fed.R.Crim.P. 35, advisory committee note (1983) (citation omitted) (describing the "underlying objective of rule 35" as " 'giv[ing] every convicted defendant a second round before the sentencing judge, and [affording] the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim' "). Similarly, the § 2255/Rule 35 motion submitted by Mr. Kunstler was itself confined to seeking a *de novo* sentencing hearing, not a new trial. Where a person in Moskovits' shoes (i.e., a person in custody for an offense committed prior to November 1, 1987) [7] desires to challenge the validity of his sentence on constitutional grounds, the remedies afforded by former Rule 35 and § 2255 overlap, *see, e.g., Scarponi v. United States,* 313 F.2d 950, 952 (10th Cir.1963), and the petitioner would generally be indifferent as between reliance on the rule or the statute.[8]

> (a) **Correction of sentence.** The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.
> (b) **Reduction of sentence.** A motion to reduce a sentence may be made ... within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment or conviction or probation revocation.
>
> Fed.R.Crim.P. 35 (applicable to offenses committed prior to Nov. 1, 1987). Coinciding with federal sentencing reform, Rule 35 has since been amended to allow for correction of a sentence only in three limited circumstances: (1) on remand, following a finding by the court of appeals that the sentence was imposed in violation of law; (2) to reflect a defendant's "subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense;" and (3) within seven days after the imposition of sentence to correct an "arithmetical, technical, or other clear error." Fed.R.Crim.P. 35 (effective on Dec. 1, 1991 and applicable to offenses committed on or after Nov. 1, 1987).

**7.** *See supra* note 6.

**8.** A punishment is "illegal" within the meaning of old Rule 35 if "the terms of the sentence itself [were] legally or constitutionally invalid in any ... respect." *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). Similarly, § 2255 provides for relief if "the sentence was imposed in violation of the Constitution or laws of the United States...." 28 U.S.C. § 2255. The principal difference between a motion made pursuant to the old version of Rule 35 and a § 2255 motion is that the former presupposes a valid conviction. *See* 3 Charles A. Wright, *Federal Practice and Procedure* § 583, at 391 (1982). Therefore, resort to § 2255, as against former Rule 35, would ordinarily be necessary only to properly attack defendant's underlying conviction on the ground of violations occurring *prior to* the imposition of sentence. Because the § 2255/Rule 35 motion did not discuss any trial errors, denomination of that motion as brought also under § 2255 appears to have been largely superfluous.

Moskovits' then-counsel, Mr. Kunstler, may have been prompted to refer also to § 2255 by two respects in which the former Rule 35 remedy is narrower; however, neither of these differences between the rule and the statute disturb my conclusion that the prior motion should be treated as brought under former Rule 35. First, Moskovits' § 2255/Rule 35 motion introduced facts outside the record concerning Moskovits' Mexican conviction (including, for example, copies of an allegedly coerced confession), and language in a number of opinions suggests that evidence dehors the record may never be admitted as part of a former Rule 35 motion. *See, e.g., Semet v. United States,* 422 F.2d 1269, 1271 (10th Cir.1970); *Petro v. United States,* 368 F.2d 807, 808 (6th Cir.1966); *Gilinsky v. United States,* 335 F.2d 914, 917 (9th Cir.1964). However, the concern with non-record evidence is that it may turn a former Rule 35 proceeding—which presumes

With an evident commitment to construing the title of documents liberally in the interest of justice,[9] the Court has viewed a petition brought under § 2255 as a Rule 35 motion in order to allow consideration of the merits of the claims. *See Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962) (footnote omitted) ("It is suggested that although the petitioner denominated his motion as one brought under 28 U.S.C. § 2255 ... we may consider it as a motion to correct an illegal sentence under Rule 35 of the Federal Rules of Criminal Procedure. This is correct."); *see also Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) (concurring opinion of Stewart, J., joined by four other Justices, treats a petition filed under § 2255 as a motion under former Rule 35, where relief was not available under § 2255, *id.* at 422, 79 S.Ct. at 455; *and cf.* opinion of the Court, *id.* at 418, 79 S.Ct. at 453);[10] *see generally Andrews v. United States*, 373 U.S. 334, 338, 83 S.Ct. 1236, 1239, 10 L.Ed.2d 383 (1963) (citation omitted) (" '[A]djudication upon the underlying merits of claims is not hampered by reliance upon the titles petitioners put upon their documents.' "); 3 Charles A. Wright, *Federal Practice and Procedure* § 583, at 392 (1982) (footnote omitted) ("[T]he general principle in all [post-conviction matters] ought to be, and largely is, that errors in naming the rule or statute under which a defendant is proceeding should not be held against him and that if relief is available under any of these procedures it ought to be given."). Because the abuse-of-the-writ doctrine addresses only successive habeas petitions, a defendant is allowed to file a motion under former Rule 35 challenging the terms of his sentence and, thereafter, file a § 2255 petition. *See, e.g., United States v. Grana*, 864 F.2d 312, 313 (3d Cir. 1989); *United States v. Gibbs*, 813 F.2d 596, 603 (3d Cir.), *cert. denied*, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987). Further, because a former Rule 35 motion is not intended to attack the validity of the underlying conviction, the filing of such a motion does not result in a waiver or forfeiture of claims going to the validity of the conviction. *See, e.g., United States v. Hamilton*, 553 F.2d 63, 65 (10th Cir.), *cert. denied*, 434 U.S.

---

the validity of the conviction—into a collateral attack on the judgment itself. *See* Wright, *supra*, at 385–86. "When courts say that matters dehors the record cannot be considered on a motion under Rule 35(a), this probably means only that this motion is not an appropriate procedure for going outside the record to mount a collateral attack." *Id.* (footnote omitted); *see, e.g., Johnson v. United States*, 334 F.2d 880, 883 (6th Cir. 1964), *cert. denied*, 380 U.S. 935, 85 S.Ct. 942, 13 L.Ed.2d 822 (1965) (citations omitted) ("The purpose of Rule 35 was to permit the court, at any time, to correct a sentence that 'the judgment of conviction did not authorize.' Application of the Rule presupposed a valid judgment and it was not contemplated by such a proceeding to go outside of the record to collaterally attack it."). Therefore, evidence outside the record must be precluded in a former Rule 35 proceeding only insofar as that evidence is being used to challenge the judgment collaterally. For instance, in both *Semet* and *Petro*, the court concluded that former Rule 35 would not be an appropriate vehicle for movant—who had been convicted of both a robbery offense and an offense of putting the life of another in jeopardy with a dangerous weapon—to introduce evidence purporting to show that his weapon could not have threatened a life (an element of the offense as charged). By contrast, Moskovits' prior motions did not represent a collateral attack on the sufficiency of the evidence required to convict him.

Secondly, defendant's motion per Mr. Kunstler sought to "vacate" the sentence, and Rule 35 expressly allows only "correction" of a sentence. However, in certain circumstances, sentences may be vacated under the auspices of Rule 35, *see, e.g., Duggins v. United States*, 240 F.2d 479, 484 (6th Cir.1957); *Wright, supra*, § 582, at 384, and the Court has been willing to treat a § 2255 petition as a motion under former Rule 35 motion even when the petitioner has moved to vacate his sentence. *See Hill*, 368 U.S. at 425, 430, 82 S.Ct. at 469, 472.

**9.** This commitment is appropriate—indeed obligatory—whether the pleading in question has been filed on the civil or on the criminal side of the docket. *Compare* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice.") *with* Fed.R.Crim.P. 2 ("These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.").

**10.** In both *Hill* and *Heflin*, the motion filed under § 2255 apparently made no mention of former Rule 35. Here, by contrast, the motion in question was brought under both § 2255 and former Rule 35, and defendant himself had previously brought a motion under former Rule 35 alone.

834, 98 S.Ct. 122, 54 L.Ed.2d 96 (1977).[11] It would—to echo the sentiments of former Chief Judge Gibbons, articulated in an analogous context—"elevate form over substance" to preclude Moskovits from asserting the instant claims simply due to the label his attorney decided to attach to that motion, especially where there is reason to believe that defendant himself intended to file a former Rule 35 motion.[12] *United States v. Flenory*, 876 F.2d 10, 11 (3d Cir.1989) (Gibbons, C.J.,) (deciding that where a motion brought under former Rule 35 might not bring relief under that rule, petitioner's motion should not be denied simply because he cited former Rule 35 rather than § 2255). Therefore, I regard the motion filed by Mr. Kunstler as brought under former Rule 35 and find that Moskovits has not abused the writ by raising the instant claims in his first petition that collaterally challenges the validity of his conviction.[13]

11. *Cf. United States v. Corsentino*, 685 F.2d 48, 51 (2d Cir.1982) (a defendant's failure on direct appeal or in a former Rule 35 motion to raise a claim that the government violated its plea agreement did not bar him from raising the same claim in a habeas petition because "properly seeking an exercise of the District Court's discretion to reduce his sentence, is not a waiver of defects that are normally presented upon a collateral attack."); *United States v. Baylin*, 696 F.2d 1030, 1035 (3d Cir.1982) (no waiver when a defendant who had pled guilty failed to appeal or use former Rule 35, and then filed a § 2255 motion challenging his plea). Where claims are brought for the first time in a habeas petition, any objection to the previous omissions of those claims is generally one of procedural default; however, Moskovits, on his direct appeal, did seek a new trial based on ineffective assistance of counsel and was told that " '[t]he better course is for the accused to pursue his [ineffective assistance of counsel] objections in an appropriate collateral proceeding.' " *United States v. Moskovits*, No.Civ.A. 88–1723, slip. op. at 11 n. 4 (3d Cir. Apr. 13, 1989) [875 F.2d 312 (table)] (quoting *United States v. Gambino*, 788 F.2d 938, 950 (3d Cir.) (describing a "general policy against entertaining ineffective assistance of counsel claims on direct appeal") *cert. denied* 479 U.S. 825, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986)). Because former Rule 35 was not intended to be used as a means "to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence," *Hill*, 368 U.S. at 430, 82 S.Ct. at 472, Moskovits' motion pursuant to former Rule 35(a) would not have been an appropriate vehicle for raising claims of ineffective assistance of counsel at trial. Indeed, at his resentencing hearing on March 3, 1992, Moskovits suggested that, although "[t]his is not the proper forum" to raise such a claim, he might be entitled to a new trial because of Mr. Simone's failure to inform him that an invalid prior conviction could not be used for impeachment purposes. Transc. of Resent. Hearing of March 3, 1992 at 55.

12. Although *McCleskey* intended to cabin the district court's discretion to hear successive federal habeas petitions by embracing a "cause and prejudice" standard, I do not read *McCleskey* to have upended either the long-standing policy of liberal construction of document titles or the well-set-tled rule that "denial of a hearing on a successive application [is] addressed to the sound discretion of the federal trial judges." *Sanders v. United States*, 373 U.S. 1, 18, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963). As the Court made clear in *Sanders*, federal trial judges have "the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits." *Id.*

13. In this case, the availability of the version of Rule 35 applicable to offenses committed prior to November 1, 1987 made it unnecessary for defendant to rely on § 2255 in order to correct his sentence. For offenses committed on or after November 1, 1987, where the amended version of Rule 35 applies, § 2255 may be the only available vehicle for a federal prisoner in Moskovits' position to challenge the constitutionality of his sentence. I need not decide whether, in such a situation, *McCleskey* may preclude a petitioner from raising claims in a second § 2255 petition seeking to vacate a conviction that were omitted from a § 2255 petition that sought only, and successfully obtained, resentencing. I have some doubt that *McCleskey* would apply where (1) defendant files a § 2255 petition seeking only to correct his sentence; (2) defendant prevails on that petition; and (3) defendant then files a second § 2255 petition, this time asserting grounds that go to the validity of the conviction itself.

*McCleskey* was largely an attempt to define the doctrine of abuse of the writ as codified in 28 U.S.C. § 2244(b), *see* — U.S. at — — —, 111 S.Ct. at 1466–67, and § 2244(b) limits the universe of potentially abusive petitions to those filed after a previous petition has been *denied*. Section 2244(b) provides in pertinent part:

When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court *has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus*, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a

## III.

### The Petition's Allegations

If the allegations of a habeas petition raise material issues of fact, the district court is required to hold an evidentiary hearing. *United States v. Biberfeld,* 957 F.2d 98, 102 (3d Cir.1992). In my view, Moskovits' submissions raise sufficient doubts about the constitutional adequacy of his representation at trial as to warrant such a hearing.

In deciding an ineffective assistance of counsel claim,[14] the appropriate questions are whether "counsel's representation fell below an objective standard of reasonableness," and, if so, whether there is a reasonable probability that "the deficient performance prejudiced the defense." [15] *Strickland v. Washington,* 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 2064, 2065, 80 L.Ed.2d 674 (1984). In ruling on defendant's prior challenge to his sentence, I took note of Mr. Simone's acknowledgement that he probably did not make any efforts to determine whether the Mexican conviction was valid and that he should have filed some type of motion to contest the validity of the Mexican conviction. I concluded that

> Mr. Simone's failure to pursue [the issue of the validity of the Mexican conviction] by appropriate inquiry into the facts and research in the law, and translation of that inquiry and research into an appropriate motion ... is a failure which is not compatible with minimal professional standards.

784 F.Supp. at 186. This conclusion would seem to make it arguable that Mr. Simone may also have been ineffective within the meaning of the first *Strickland* prong in failing to pursue the issue of whether a Mexican conviction obtained without the assistance of counsel at critical phases could be used for impeachment purposes and, accordingly, advising Moskovits that, if he chose to testify, his Mexican conviction would more than likely be used for impeachment purposes.[16] *Cf. United States v. Nino,* 878 F.2d 101, 105 (3d Cir.1989) (posing the question whether a counsel's failure to apprise defendant of the deportation consequences of a

justice or judge or the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ. 28 U.S.C. § 2244(b) (emphasis added). (Although § 2244(b) deals only with state prisoners, i.e. § 2254 petitioners, the Supreme Court long before *McCleskey* held that the same rules should govern abuse of § 2254 and § 2255 remedies. *See Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963)). It is true that § 2244 "does not state the limits on the district court's discretion to entertain abusive petitions," *McCleskey,* — U.S. at —, 111 S.Ct. at 1466, and does not foreclose elaboration of the judicially-created abuse of the writ doctrine, *id;* however, the statute does "codify the basic principles of the judicially created doctrine." *United States v. MacDonald,* 966 F.2d 854, 859 (4th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 606, 121 L.Ed.2d 542 (1992). The fundamental concerns with successive petitions are the disruption and waste that occur when a conviction is open to repeated collateral challenge, *see McCleskey,* — U.S. at —, —, 111 S.Ct. at 1469, 1470, and a threat of such reexamination is present only when the petitioner has tried previously to attack his conviction collaterally, to no avail. Moskovits previously attempted only to vacate his sentence, and that attempt was successful, resulting in the vacation of his sentence and resentencing. Therefore, it is at least arguable that neither the plain language of § 2244(b), nor any of the basic concerns animating the abuse of the writ doctrine, is implicated by Moskovits' filing of what amounts to his first collateral challenge to the validity of his conviction.

**14.** I am persuaded that Moskovits' claim that his counsel abridged his constitutional right to testify is properly viewed as a species of a claim of ineffective assistance of counsel. *See United States v. Teague,* 953 F.2d 1525, 1534 (11th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992).

**15.** The Court recently emphasized that, to establish prejudice, a defendant must show not only that the outcome of his trial would have been different absent the deficient representation, but also that the deficient representation rendered the result of his proceeding fundamentally unfair or unreliable. *Lockhart v. Fretwell,* — U.S. —, —, 113 S.Ct. 838, 841, 122 L.Ed.2d 180 (1993).

**16.** *Loper v. Beto,* 405 U.S. 473, 483, 92 S.Ct. 1014, 1019, 31 L.Ed.2d 374 (1972), holds that a prior conviction obtained in violation of a defendant's right to counsel may not be used for impeachment purposes at a trial for a different offense.

guilty plea constituted ineffective assistance of counsel). At the hearing, the government will have the opportunity to demonstrate why Mr. Simone's failure to give proper advice to Moskovits about the use of his Mexican conviction for impeachment purposes was more reasonable than Mr. Simone's failure to assess the validity of that conviction at the sentencing stage.

To demonstrate a "reasonable probability" of prejudice, Moskovits, it would seem, must provide evidence sufficient to support two propositions: (1) that if Moskovits had known that he could not be impeached with a prior conviction obtained without the assistance of counsel at critical phases of the proceeding, it is reasonably probable that he would have chosen to testify; and (2) that without his trial testimony, his trial was rendered unfair and the verdict rendered suspect. As to the first proposition, Moskovits has submitted an affidavit from Mr. Simone stating that

> I advised Mr. Moskovits that if he testified on his own behalf, that [the Mexican] conviction would more than likely be used for impeachment purposes.

> I advised Mr. Moskovits that such evidence would have a great deal of affect [sic] on his credibility in front of the jury, and Mr. Moskovits took my advice and did not in fact testify in his own behalf.

Defendant's Mem. in Sup., Exh. B, Aff. of Robert F. Simone. Moreover, defendant emphasized at both his original sentencing and his resentencing—and reiterates in this petition—that the decision not to testify was based on fear that his Mexican conviction would be revealed to the jury. See Defendant's Mem. in Sup. at 11. At the hearing, the government will have the opportunity to flesh out its counterargument that Moskovits did not testify for reasons other than fear of his Mexican conviction being disclosed to the jury.

As for whether the result of the trial was fundamentally unfair or unreliable, Moskovits contends that various witnesses perjured themselves at trial and that his testimony could have belied their false statements. It seems to me a rare case in which a court can comfortably say that even though errors pre-vented defendant from testifying, the outcome of his trial was still fundamentally fair and the verdict not rendered suspect. *See Luce v. United States,* 469 U.S. 38, 42, 105 S.Ct. 460, 464, 83 L.Ed.2d 443 (1984) ("[An] appellate court [cannot] logically term 'harmless' an error that presumptively kept the defendant from testifying.") Still, a verdict with overwhelming record support is less likely to have been affected by errors, *Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069, and the government will be expected to defend its proposition that the evidence of Moskovits' guilt was so overwhelming, and his proffered testimony so blatantly false, that the result of the case would surely have been no different had Moskovits testified.

## IV.

For the above reasons, I will order an evidentiary hearing on Moskovits' § 2255 petition with an eye toward deciding the unresolved issues noted above.

An appropriate order follows.