59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Johnny Ray FULLER, Petitioner-Appellant,
v.
Dennis A. BAKER, Respondent-Appellee.
 No. 94-3989.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1995.
 
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges; HEYBURN, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner Johnny Ray Fuller, an Ohio prisoner, is serving a fifteen-year to life sentence for murder with a firearm specification. That sentence runs consecutively with a three-year sentence for the firearm specification. In July 1993, Fuller filed his second petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, and it is the district court's dismissal of this petition that Fuller appeals. We AFFIRM the dismissal because we find that Fuller's second application constitutes an abuse of the writ.
 
 I.
 
 2
 In November 1991, Fuller filed his first writ of habeas corpus in federal court. In his petition, he challenged the terms of his confinement by the State, alleging constitutional claims regarding computation of good time and his prospective parole and release date. Fuller did not challenge the validity of his conviction. The district court dismissed his petition on August 31, 1992.
 
 
 3
 In July 1993, Fuller filed the instant petition for writ of habeas corpus, alleging that the introduction of certain hearsay statements violated his right to confront witnesses as guaranteed by the Sixth and Fourteenth Amendments to the Constitution. The district court referred the case to a magistrate judge for report and recommendation. The magistrate judge recommended dismissal of the petition for abuse of the writ.
 
 
 4
 The district court disagreed with the magistrate judge's conclusion that Fuller abused the writ, reasoning that Fuller's first petition challenged the validity of his underlying sentence whereas his second petition addressed the validity of his conviction, and therefore the abuse of the writ standard as enunciated in McCleskey v. Zant, 499 U.S. 467 (1991), did not apply. The district court relied on United States v. Moskovits, 815 F. Supp. 147 (E.D. Pa. 1993) (construing the petitioner's first writ which challenged his sentence as a motion under Fed. R. Crim. P. 35 and the second as a petition challenging his conviction), to support its conclusion that because Fuller was a state prisoner Rule 35 was not available to him and the only means by which to challenge his sentence was the writ. Thus, the district court characterized Fuller's subsequent writ as his first federal challenge to his underlying conviction. The district court nevertheless dismissed the petition on the merits.
 
 II.
 
 5
 On appeal, the parties address whether the admission of hearsay statements violated the confrontation clause and issues flowing therefrom. We decline to address the merits of those arguments and instead consider a procedural ground raised and decided below, but not pursued on appeal, the abuse of the writ. See Warda v. CIR, 15 F.3d 533, 539 n.6 (6th Cir.) (noting that "appellate court may affirm on any ground supported by the record"), cert. denied, 115 S. Ct. 55 (1994); United States v. Hotzman, 871 F.2d 1496, 1512 (9th Cir. 1989)(upholding search under plain view exception to warrant requirement even though issue not pursued). The parties received the opportunity to brief the issue following argument. Upon review of those letter briefs, we find it prudent to resolve this appeal on the abuse of writ doctrine.
 
 
 6
 The doctrine "defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." McCleskey, 499 U.S. at 470. The doctrine arose out of concern for finality, federalism and resource allocation. Id. at 491.
 
 
 7
 Deterrence is hollow in the absence of finality. Additionally, delays in finality create problems with memory and location of witnesses. McCleskey, 499 U.S. at 491. The value of finality is eroded whether a second petition reattacks a conviction or sentence or whether it launches an attack on a conviction after a previous attack on a sentence.
 
 
 8
 Regarding federalism, as the McCleskey court noted, "[r]eexamination of state convictions on federal habeas 'frustrate[s] ... "both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.""' Id. (quoting Murray v. Carrier, 477 U.S. 478, 487 (1986)). The call to honor the principles of federalism remains the same whether two petitions attack the same conviction or whether the first attacks the conviction and the second attacks the sentence arising from the conviction.
 
 
 9
 The third concern noted in McCleskey also is implicated in this appeal. Examination of new claims raised in second petitions thins resources for litigants commencing their first habeas action. This holds true regardless of the distinction drawn by the district court in this case. Further, adoption of the distinction would provide a disincentive to petitioners to consolidate claims and present them in a timely fashion.
 
 
 10
 Consequently, we believe that there is no basis for distinguishing between two petitions which both attack a conviction and two petitions, one which attacks a sentence and one which attacks the conviction giving rise to the sentence. Although we find no Sixth Circuit law examining this issue, the Fifth Circuit has resolved this issue in a manner consistent with our conclusion. In McGary v. Scott, 27 F.3d 181, 183 (5th Cir. 1994), the appellate court held that "a state prisoner who is confined on a single judgment of conviction and who has a challenge to a denial of good time credit is usually required to bring his or her exiting good time credit claim in the same habeas petition as any other claim that he or she has against his or her conviction." See also McQueen v. Whitley, 989 F.2d 184, 186 (5th Cir. 1993) (holding that "[t]he fact that the first petition assailed McQueen's 1979 conviction, while the third petition attacks his 1979 sentence, is of no moment, as a petition [sic] cannot present fragmented, successive petitions by challenging a conviction and its consequent sentence seriatim").
 
 
 11
 Because we find that the government met its burden to plead abuse of the writ with "clarity and particularity," for Fuller to get a second chance at the writ of habeas, he must show cause, i.e., an "objective fact" such as interference by officials or that some factual or legal basis for the claim was not available to counsel and resulting prejudice. McCleskey, 499 U.S. at 494. Thus, we must assess whether Fuller has established cause.
 
 
 12
 In his response to the government's statement that he abused the writ, Fuller states that he could not bring forth his claim because he did not have access to the trial transcript. This does not satisfy the cause requirement which requires a showing of an external impediment that prevented petitioner from raising the claim. Id. at 497 (quoting Murray, 477 U.S. at 492). Here, Fuller possessed a sufficient basis to allege the claim. He was present at trial, testified, and knew the events that occurred. Further, he could have obtained a copy of the transcript before filing his first claim. Fuller's failure to establish cause precludes any consideration of whether he would be prejudiced by the trial court's refusal to consider his petition.
 
 
 13
 Absent a showing of cause, a federal court may nevertheless exercise its equitable discretion to correct a "fundamental miscarriage of justice." Schlup v. Delo, 115 S. Ct. 851, 861 (1995). This narrow exception avails those petitioners who assert a constitutional error accompanied by a claim of innocence. Id.
 
 
 14
 To assert a credible claim of innocence, Fuller must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id. at 865. Here, Fuller complains that the admission of the hearsay evidence resulted in the jury hearing inculpatory evidence, in violation of his right to confront witnesses against him. He has not protested his guilt through new evidence.
 
 III.
 
 15
 Fuller is unable to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (quoting Murray, 477 U.S. at 479-80). Accordingly, we AFFIRM the dismissal of the petition as an abuse of the writ.
 
 
 
 *
 The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation