

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-22-2009

# USA v. James Ball, III

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1546

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. James Ball, III" (2009). *2009 Decisions.* Paper 1161.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1161

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 08-1546

———

UNITED STATES OF AMERICA

v.

JAMES A. BALL, III,

Appellant

———

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cr-00101-1)
District Judge:  Honorable Joseph J. Farnan, Jr.

———

Submitted Under Third Circuit LAR 34.1(a)
May 19, 2009

BEFORE: RENDELL and GARTH, *Circuit Judges*, and
PADOVA, *Senior District Judge*.[*]

(Opinion Filed June 22, 2009)

———

OPINION OF THE COURT

———

PADOVA, *Senior District Judge*.

———

[*]The Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Appellant James A. Ball, III, pled guilty, pursuant to a plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of causing the filing of a false currency transaction report ("CTR"), in violation of 31 U.S.C. § 5324(a)(2). The charges arose out of Appellant's wire fraud scheme, through which he stole over $152,000 from clients of his business. Counsel for Appellant has moved to withdraw as appellate counsel and has filed a brief in support of the motion pursuant to Anders v. California, 386 U.S. 738 (1967). Counsel contends that this case presents no nonfrivolous issues for appeal. We agree. Accordingly, we will affirm the judgment of the District Court and, in a separate order filed concurrently herewith, will grant Counsel's motion to withdraw.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. See, e.g., United States v. Schuh, 289 F.3d 968, 974-76 (7th Cir. 2002).

## II.

Because we write solely for the parties, we will address only those facts necessary to our decision. In December 2001, United Check Cashing ("UCC") entered into an agreement to have an automated teller machine ("ATM") serviced by a company located in Glendale, California, called Automated Systems America, Inc. ("ASAI"). Pursuant to

2

the agreement, UCC kept the ATM filled with cash and collected the lion's share of user fees levied against users of its ATM. ASAI, through a third-party company, electronically processed ATM transactions for UCC and deposited into UCC's checking account reimbursements for the currency dispensed from UCC's ATM, as well as UCC's share of the ATM fees.

In February 2003, UCC requested that ASAI deposit its reimbursements and fees into a different bank account than ASAI had used for previous deposits. Because of a miscommunication between two of ASAI's offices, however, UCC's request went unfulfilled. ASAI attempted but failed to deposit UCC's money into its old bank account, and subsequently contacted Appellant, who was servicing the UCC account for ASAI. Rather than providing ASAI with UCC's correct bank account information, Appellant provided ASAI with information for one of his own bank accounts. In April 2004, Appellant again provided ASAI with his own bank account information, this time at a different bank, to redirect deposits of UCC funds to his control. In order to conceal the source of the stolen funds, Appellant wrote checks against the deposits, made out to himself or to one of his businesses, and then deposited such checks into other business or personal accounts. Appellant also provided false information to the financial institutions handling the funds, for example, by falsely identifying himself as a "mortgage lender" and "Vice President of Sales" for purposes of the institutions' CTRs. All told, Appellant converted over $152,000 of UCC's money from March 2003 to March 2005.

Appellant pled guilty, pursuant to a plea agreement, on April 23, 2007, and was

sentenced on January 30, 2008. The presentence investigation report ("PSR"), to which Appellant did not object, determined that Appellant's total offense level was 16 and his criminal history category was I, yielding a Guidelines sentencing range of 21 to 27 months of imprisonment. The probation officer recommended that Appellant receive a sentence at the top-end of the Guidelines range. The district court also heard defense counsel's arguments in favor of leniency, and considered the Government's recommendation that it impose a 24-month sentence.[1] The District Court then sentenced Appellant to 24 months' imprisonment, which fell in the middle of the advisory Guidelines custody range, and imposed mandatory restitution in the amount of $100,858.82, the remaining amount owed to UCC. Appellant timely filed this appeal.

## III.

Our role with respect to <u>Anders</u> briefs is to determine whether the appeal is wholly frivolous. If so, we may "grant counsel's motion to withdraw and dismiss the appeal . . . ." <u>United States v. Youla</u>, 241 F.3d 296, 299 (3d Cir. 2001) (citing <u>Anders</u>, 386 U.S. at 744). However, if we find "'any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.'" <u>Id.</u> at 300 (quoting <u>Anders</u>, 386 U.S. at 744). We have

---

[1]In support of its mid-range recommendation, the Government emphasized the fact that Appellant had committed these offenses in spite of his positive personal circumstances—which included living at his parents' house rent-free, the support of friends and family, and his college education—as well as the fact that Appellant had his bail revoked during the pendency of the case because of intervening criminal conduct.

codified this standard in Local Appellate Rule 109.2(a).  Id.

Our Anders inquiry is twofold.  First, we must determine "whether counsel adequately fulfilled the rule's requirements."  Id. (citation omitted).  An adequate Anders brief: (1) "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues," id.; (2) identifies any "issue[s] arguably supporting the appeal even though the appeal was wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain[s] why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000).  Second, we must determine "whether an independent review of the record presents any nonfrivolous issues."  Youla, 241 F.3d at 300.  "An appeal on a matter of law is frivolous where 'none of the legal points [are] arguable on their merits.'"  Id. at 301 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)); see also McCoy v. Court of Appeals of Wis., 486 U.S. 429, 438 n.10 (1988) (noting that an appeal is frivolous if it "lacks any basis in law or fact").

### A.

As an initial matter, we find Counsel's Anders brief inadequate on its face.[2]  When a defendant pleads guilty, three potential issues remain open for appeal: the jurisdiction of the court to enter the conviction and impose sentence, the validity or voluntariness of the guilty plea, and the legality of the sentence.  See United States v. Broce, 488 U.S. 563, 569 (1989); 18 U.S.C. § 3742(a).  In his brief, Counsel identifies and discusses only the

---

[2]Appellant did not exercise his right to file a brief pro se.  See 3d Cir. L.A.R. 109.2(a).

reasonableness of Appellant's sentence. Counsel's failure to mention, let alone discuss, the other two potential issues, coupled with his failure to provide this Court with a copy of the plea hearing transcript, which is necessary to determining the validity or voluntariness of Appellant's plea, does not demonstrate a "conscientious examination" of the record. Youla, 241 F.3d at 300 (citing Marvin, 211 F.3d at 780).

Moreover, to the extent that Counsel argues Appellant's sentence was reasonable, he fails to identify and rebut potential counter-arguments against a finding of frivolousness. Rather, Counsel's argument consists primarily of boilerplate legal standards and summary conclusions. For example, Counsel asserts that "the District Court properly calculated [Appellant's] guideline range to be 21 to 27 months of incarceration" simply because "there was no objections [sic] to the presentence report . . . ." (Appellant's Br. at 12.) At the same time, Counsel neither mentions nor discusses the PSR's questionable inclusion of an additional $82,900 in the loss calculation, pursuant to the "relevant conduct" guideline (U.S.S.G. § 1B1.3(a)(2)), for funds involved in unindicted conduct occurring in 2001. These funds effectively increased Appellant's Guidelines sentencing range by six months across the board, yet there was no discussion on the record regarding the explicit rationale for their inclusion. Although we ultimately find that the inclusion of such funds in the loss calculation was not in error, see infra, Counsel's failure to address this important aspect of Appellant's Guidelines calculation in his brief, in conjunction with his failure to discuss either the district court's jurisdiction or the validity or voluntariness of Appellant's plea, does not "'provide[] sufficient indicia

6

that he thoroughly searched the record and the law in service of his client so that we might confidently consider only those objections raised.'" Youla, 241 F.3d at 301 (quoting Marvin, 211 F.3d at 781). Consequently, we find that the Anders brief is inadequate and reject it.

B.

Having determined that Counsel's Anders brief is inadequate, we will nevertheless limit our review of the record, in light of Appellant's guilty plea, to the District Court's jurisdiction, the validity or voluntariness of Appellant's plea, and the legality of Appellant's sentence. While Counsel's Anders brief is inadequate, and no pro se brief was filed, we will not appoint new counsel, as we do not need further assistance; the issues are straightforward and easily resolvable on the record before us. See 3d Cir. L.A.R. 109.2(a).

First, with respect to the District Court's jurisdiction, Appellant pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of causing the filing of a false CTR, in violation of 31 U.S.C. § 5324(a)(2). The District Court plainly had jurisdiction to punish these offenses. See 18 U.S.C. § 3231 (conferring original, exclusive jurisdiction to district courts "of all offenses against the laws of the United States"); 31 U.S.C. § 5324(d) (providing criminal penalties for violations of § 5324). Thus, Appellant can raise no nonfrivolous issues with respect to jurisdiction.

Second, with respect to Appellant's guilty plea, the record shows that the District Court, as required by Fed. R. Crim. P. 11(b) and Boykin v. Alabama, 395 U.S. 238

7

(1969), thoroughly colloquied Appellant before accepting his plea. The District Court informed Appellant of the nature of the charges against him, the rights he forfeited by pleading guilty, the maximum penalties permitted for his offenses, the advisory nature of the Sentencing Guidelines, the fact that he could not withdraw his plea merely because he may be dissatisfied with his sentence, and the factual basis for his guilty plea. See United States v. Schweitzer, 454 F.3d 197, 202 (3d Cir. 2006). Looking at the totality of the circumstances surrounding Appellant's plea, we are satisfied that Appellant voluntarily and knowingly pled guilty. See United States v. Cefaratti, 221 F.3d 502, 508 (3d Cir. 2000); Heiser v. Ryan, 951 F.2d 559, 564 (3d Cir. 1991). Appellant can therefore raise no nonfrivolous issues with respect to his plea.

Finally, with respect to the legality of Appellant's sentence, the District Court imposed a sentence that was both below the statutory maximum and reasonable. See United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006); United States v. Flenory, 876 F.2d 10, 11 (3d Cir. 1989). The district court followed the procedures announced in United States v. Gall, 128 S. Ct. 586 (2007), by giving meaningful consideration to the pertinent sentencing factors embodied in 18 U.S.C. § 3553(a), and provided an adequate justification for the within-Guidelines sentence imposed.[3] See United States v. Levinson,

---

[3]As noted above, the PSR included in the calculation of loss $82,900 in funds that Appellant misappropriated pursuant to unindicted conduct that predated the instant offenses by almost two years. To be properly included, the $82,900 had to arise from "acts and omissions [of the defendant] that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). Although the unindicted conduct occurred in 2001 and involved a different victim, it involved Appellant's

543 F.3d 190, 194-96 (3d Cir. 2008).  Consequently, Appellant can raise no nonfrivolous issues with respect to the legality of his sentence.

IV.

Although we conclude that Counsel has not fulfilled his obligation under <u>Anders</u> and the Local Appellate Rules to provide an adequate no-merit brief, our independent review of the record yields no nonfrivolous issues for appeal.  We therefore will AFFIRM the Judgment and Commitment Order of the District Court and, in a separate order, GRANT Counsel's motion to withdraw.

---

misappropriation of an ATM client's fees and reimbursements, which had been wired to him. Because this conduct involved a similar *modus operandi* as Appellant's indicted wire fraud conduct, and thus could be considered part of a common plan or scheme, the District Court properly included the $82,900 in the actual loss calculation.  <u>See</u> U.S.S.G. § 1B1.3, cmt., n.9(A).