**William Frederick SEMET, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8791.**

United States Court of Appeals Tenth Circuit.

Nov. 29, 1966.

Thomas J. Nance, Denver, Colo., for appellant.

Cecil E. Robertson, Asst. U. S. Atty., Muskogee, Okl. (Bruce Green, U. S. Atty., Eddie Harper, Asst. U. S. Atty., Muskogee, Okl., were on the brief), for appellee.

Before PHILLIPS and HICKEY, Circuit Judges, and DOYLE, District Judge.

WILLIAM E. DOYLE, District Judge.

This is an appeal by a confined federal prisoner seeking reversal of an order of the District Court for the Eastern District of Oklahoma, the sentencing court. The order in question denied without evidentiary hearing a petition which had been filed pursuant to Title 28 U.S.C. § 2255.

Petitioner-appellant is now serving a mandatory sentence of twenty-five years following his plea of guilty to an indictment which charged violation of Title 18 U.S.C. § 2214, robbery of a post office by putting a life in jeopardy.

The claim asserted in the original petition is that petitioner-appellant's plea of guilty was entered involuntarily; that it was the result of a chain of coercive circumstances which add up to a violation of petitioner-appellant's constitutional rights. Corollary contentions advanced were: 1) Denial of effective assistance of counsel; 2) Inadequate admonition as to the consequences of his plea; and 3) Deception by his counsel growing out of an alleged misrepresentation that his sentence would be reduced. Petitioner-appellant also alleged that his rights were violated prior to the entry of his plea of guilty. He maintains that his confession was obtained through the use of threats and fear; that he was unlawfully forced into a police line-up, and that his pre-arraignment detention was invalid.

The dispositive question is whether the trial court erred in denying the petition without an evidentiary hearing and without assigning counsel. The answer to this depends on whether the record discloses the existence of issues of fact.

The transcript of proceedings on the occasion of the entry of the plea of guilty discloses the trial judge's extended efforts to communicate to the petitioner-appellant the consequences of his plea of guilty. The contents of the indictment, the right to a jury trial and the twenty-five years' maximum sentence were fully and clearly explained by him. Petitioner-appellant unequivocally stated that he wished to change his plea to guilty.

The petition was filed by reason of the fact that petitioner-appellant originally entered a plea of not guilty. There were conferences between his counsel and the United States Attorney looking to reduction of the charge. This would have required the filing of an information to take the place of the indictment which had been returned. The effort was to persuade the United States Attorney to bring the case under a statute which would allow the imposition of a sentence not to exceed ten years. But following these discussions the District Attorney refused to take the proposed action and after that petitioner-appellant requested that he be allowed to change his plea of guilty. In fact, he wrote a letter to the judge requesting this. On the occasion of change of plea petitioner-appellant was asked to tell the Court what his wishes were. On that occasion he said:

"Mr. Semet: Well the only reason I entered a plea of not guilty in the first place was the hope I might get the charge lowered; all the evidence is against me, they have everything, I have been indicted, and I know there is no hope of getting the charge lowered."

The specific question whether any one had given any promises "with reference to your changing your plea," was answered in the negative.

The Court also questioned petitioner-appellant at length concerning the discussions between counsel with respect to possible reduction of the charge and satisfied himself that petitioner-appellant

understood what had occurred.[1] Petitioner-appellant stated that no promises were made and that he did not consider the discussions between counsel as any kind of promise.

No basis is apparent for the contention of petitioner-appellant that he was induced to enter the plea of guilty by a promise that a lesser sentence would be pronounced or that there would be a reduction of sentence. The presence of the mandatory twenty-five year sentence was brought home to him repeatedly in clear and simple language. Under these circumstances it can not be said that there is or can be any issue of fact.

We are mindful that a plea of guilty induced by threats or promises is not a voluntary act. This involuntariness renders a judgment and sentence based upon such a plea void. Furthermore, an evidentiary hearing must be held where the petition alleges facts which, if proven, would establish involuntariness. Such a hearing must be held even though the factual allegations seem to be exaggerated, or on their face untrue.[2] But a hearing is not required where the motion, the records and the files conclusively show that petitioner-appellant is not entitled to relief and no factual issues are raised.[3]

In the case at bar the trial judge was painstaking and thorough in satisfying himself that the accused before him understood the nature of the proceeding and that his act of changing his plea was voluntary. Under these circumstances it was unnecessary to hold a factual hearing in connection with the present petition.

The other contentions of petitioner-appellant that he was unlawfully detained after arrest and that his constitutional rights were violated in connection with the obtaining of extrajudicial statements must also be rejected.

Having concluded that the plea herein was voluntary, it follows that he can not complain about alleged involuntary confessions which were not used against him.[4]

His further contention that he was illegally detained must for the same reasons be rejected.[5]

The judgment of the District Court is affirmed.

---

1. "THE COURT: Now, the Court wants to advise you that you heard some discussion here this morning going on between your attorney and the department of justice [sic]. This has been going on without any knowledge about it on my part. You have heard it announced that the Government is not going to reduce the charge, that you stand charged in the same manner in which you were arraigned, there will be no change.
   "MR. SEMET: Yes, sir.
   "THE COURT: You should not consider it as being any kind of a promise, you understand that?
   "MR. SEMET: Yes, sir.
   "THE COURT: Now, has anyone by any manner or means given you any promises to cause you to enter a plea of guilty in this case?
   "MR. SEMET: No, sir.
   "THE COURT: Anyone used any force or any pressure to cause you to change your plea?
   "MR. SEMET: No, sir.
   "THE COURT: Are you guilty of this offense?

   "MR. SEMET: Yes, sir.
   "THE COURT: Did you use a pistol?
   "MR. SEMET: Yes, sir.
   "THE COURT: And did you rob this Post Office and this Post Mistress and take the Post Office Money Orders?
   "MR. SEMET: Yes, sir.
   "THE COURT: The Court will accept your plea of guilty and refer the matter to the Probation Officer for a presnetence [sic] report."

2. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Puckett v. United States, 10 Cir. 1963, 314 F.2d 298.

3. Putnam v. United States, 10 Cir. 1964, 337 F.2d 313.

4. Barnhart v. United States, 10 Cir. 1959, 270 F.2d 866; Hall v. United States, 8 Cir. 1958, 259 F.2d 430; cert. denied 359 U.S. 947, 79 S.Ct. 728, 3 L.Ed.2d 680.

5. See United States v. Kniess, 7 Cir. 1959, 264 F.2d 353.