**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph B. KELSEY, Defendant–Appellant.**

**No. 93–4004.**

United States Court of Appeals, Tenth Circuit.

Jan. 20, 1994.

Stephen R. McCaughey, Salt Lake City, UT, for defendant-appellant.

Scott M. Matheson, Jr., U.S. Atty., Richard D. Parry, Asst. U.S. Atty., and Kevin L. Sundwall, Sp. Asst. U.S. Atty., for plaintiff-appellee.

Before TACHA, BALDOCK, and KELLY, Circuit Judges.

TACHA, Circuit Judge.

Joseph B. Kelsey appeals his conviction under 18 U.S.C. § 924(c) for possession of a firearm during and in relation to a drug trafficking crime. Mr. Kelsey appeals on the grounds that a conviction under § 924(c) must be supported by an underlying conviction of a drug trafficking offense. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

*I. Background*

On September 5, 1990, Mr. Kelsey was convicted of three counts of possession with

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) (1988),[2] and one count of carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (1988). These convictions were later reversed by this court in *United States v. Kelsey,* 951 F.2d 1196 (10th Cir.1991). Following plea negotiations, Mr. Kelsey pleaded guilty to a violation of § 924(c) while the remaining charges were dismissed. Because all other drug trafficking charges were dismissed, Mr. Kelsey now appeals his § 924(c) conviction arguing that such a conviction is not valid unless the defendant has also been convicted of an underlying drug trafficking offense.

## II. Discussion

In *United States v. Hill,* 971 F.2d 1461, 1467 (10th Cir.1992) (en banc), we held that it is the existence of an underlying drug trafficking *offense* not a drug trafficking conviction which is required to support a conviction under § 924(c). *See United States v. Morehead,* 959 F.2d 1489, 1502 (10th Cir.1992); *United States v. Sudduth,* 457 F.2d 1198, 1201 (10th Cir.1972); *United States v. Ruiz,* 986 F.2d 905, 911 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 145, 126 L.Ed.2d 107 (1993). The "language of § 924(c)(1) provides only that the underlying offense be one 'for which [the defendant] *may* be prosecuted.'" *Hill,* 971 F.2d at 1467.[3]

 In this case, Mr. Kelsey pleaded guilty to the § 924(c) offense.[4] A plea of guilty is the equivalent of admitting all material facts alleged in the charge. *Semet v. United States,* 422 F.2d 1269, 1272 (10th Cir.1970); *see United States v. Davis,* 900 F.2d 1524, 1525 (10th Cir.) (guilty plea waives all nonjurisdictional defenses), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Benson,* 579 F.2d 508, 509 (9th Cir.1978) (guilty plea conclusively admits all factual allegations of the indictment). Under § 924(c), this in-

cludes admitting to an underlying drug offense sufficient to support a conviction under that section. *See Hill,* 971 F.2d at 1467 (stating that the defendant's commission of the underlying offense "is merely a matter of proof which may be met ... by the defendant's admission [of the underlying offense]").

Mr. Kelsey's guilty plea to the § 924(c) offense provides ample showing of an underlying drug trafficking crime.

**AFFIRMED.**

---

2. One count was later dismissed on the Government's motion.

3. *Hill* interprets § 924(c) as amended, however, the language in the statute relevant to this case was not changed.

4. In his Plea Hearing Mr. Kelsey admitted he possessed drugs with the intent to distribute them and that he possessed a firearm in connection with his intent to distribute the drugs. [Tr. Vol. II, pg. 14.]