77 F.3d 493
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence O. FRANKLIN, Jr., Defendant-Appellant.
 No. 95-3149.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1996.
 
 Before BRORBY, HOLLOWAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Lawrence Franklin appeals an order of the district court denying his second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. The district court denied the motion as both meritless and as an abuse of process. We affirm the district court's denial of Mr. Franklin's motion as abusive.
 
 
 3
 In June 1990, Mr. Franklin entered a guilty plea to one count of knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture or substance containing cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. 841(a)(1), and one count of possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. 924(c)(1) and (2).
 
 
 4
 On June 18, 1991, an attorney representing Mr. Franklin filed an initial 2255 motion contending that 1) Mr. Franklin was denied effective assistance of counsel because his attorney failed to inform him that he could receive the same sentence for a plea of guilty as he could if he had gone to trial; and 2) he was denied due process of law when he gave up his right to trial as a result of a plea bargain which gave him no legal benefit. The district court denied the motion, and this court affirmed, see United States v. Franklin, No. 91-3258, 1992 WL 33234, at * * 1 (10th Cir. Feb. 18, 1992).
 
 
 5
 In his second petition for collateral relief, Mr. Franklin contended that 1) the lab report upon which his sentence was based was inaccurate and incomplete; 2) the disparity in sentences given dealers of crack cocaine and dealers of powdered cocaine is racially discriminatory; and 3) his trial counsel's failure to object to the lab report constituted ineffective assistance of counsel. R. Vol. II, tab 141, at 1-13.
 
 
 6
 The district court found the second petition to be successive under 28 U.S.C. 2255 and an abuse of process pursuant to Rule 9(b) governing proceedings under that statute. R. Vol. II, tab 147 at 4. The court alternatively concluded that, considering the merits of Mr. Franklin's claims, he was not entitled to relief. Id. at 4-5.
 
 
 7
 On appeal, Mr. Franklin argues that 1) the district court should have considered the merits of his claims in an evidentiary hearing; 2) because of deficiencies in the lab report, insufficient evidence supported the trial court's conclusion that he violated 21 U.S.C. 841(b)(1)(A)(iii); and 3) he received ineffective assistance of counsel during his plea proceedings because counsel failed to object to the lab report used to establish drug quantity and quality.[2]
 
 
 8
 When a prisoner files a second or subsequent application [for post-conviction relief], the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions. The petitioner's opportunity to meet the burden of cause and prejudice will not include an evidentiary hearing if the district court determines as a matter of law that petitioner cannot satisfy the standard. If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.
 
 
 9
 McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).
 
 
 10
 Initially, Mr. Franklin argues that he should have been informed of a possible abuse issue in his case and allowed a period of time in which to respond. Mr. Franklin, however, ignores the fact that the government argued abuse of process in its response to his motion, see R. Vol. II, tab 144 at 3, and that he filed a reply brief in which he attempted to demonstrate the requisite cause and prejudice, see id. at tab 145.
 
 
 11
 Mr. Franklin also contends that he should have been granted an evidentiary hearing. Such a hearing, however, is not necessary if the court can determine, as a matter of law, that a petitioner cannot show cause and prejudice. See McCleskey, 499 U.S. at 494. Under the facts of this case, the district court correctly determined that an evidentiary hearing was not required.
 
 
 12
 First, Mr. Franklin offers no reason to explain why he did not make the two arguments relating to the lab report in his first 2255 motion. That report was disclosed to Mr. Franklin's counsel before he entered his guilty plea and was presumably available to the attorney who filed the first 2255 motion. Mr. Franklin does not assert that either he or his attorney were prevented by some external cause from bringing this argument as part of his prior motion. See Coleman v. Thompson, 501 U.S. 722, 753 (1991). Thus, a factual basis for the new claims was reasonably available to Mr. Franklin when he filed his first habeas petition. See Murray v. Carrier, 477 U.S. 478, 488 (1986). We discern no reason why the alleged ineffectiveness of Mr. Franklin's counsel during his plea proceedings establishes cause for his failure to raise in his first 2255 motion the claims he now asserts in his second one.
 
 
 13
 Additionally, Mr. Franklin cannot now argue that he was not guilty of the offense(s) to which he pled guilty. When a defendant pleads guilty, he is admitting all material facts alleged in the charging document. United States v. Kelsey, 15 F.3d 152, 153 (10th Cir.1994). Thus, Mr. Franklin cannot make a claim of factual innocence in order to show that a fundamental miscarriage of justice would result from a failure to entertain his claims. Contrary to Mr. Franklin's unsupported contention, there are no controverted factual issues to be resolved in this case. An evidentiary hearing, therefore, was unnecessary.
 
 
 14
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 15
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 On appeal, Mr. Franklin has abandoned the racial discrimination argument