**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 27 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICKY DEAN WILCOX,

Defendant-Appellant.

No. 97-3369
(D.C. No. 97-CV-3184-JTM)
(D. Kan.)

---

ORDER AND JUDGMENT  *

---

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Ricky Dean Wilcox appeals from the district court's denial of his petition brought pursuant to 28 U.S.C. § 2255 and its refusal to issue a certificate of appealability (COA). We likewise deny defendant's application for COA and dismiss this appeal.

Defendant pled guilty to robbery of a postal facility in violation of 18 U.S.C. § 2114 and to using and carrying a sawed-off shotgun during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Defendant was sentenced to serve forty-eight months on the robbery conviction and to serve a mandatory ten-year sentence on the firearms conviction because the firearm was a short-barreled shotgun. See 18 U.S.C. § 924(c)(1). Defendant did not appeal his sentence.

In his § 2255 motion, defendant argued that he received ineffective assistance of counsel because the shotgun he possessed was not shortened within the definition of 18 U.S.C. § 921(a)(6) and that his attorney did not "notice, present and argue" that issue in his defense. See R. Vol. I, tab 44, memorandum at 1-2. Claims of ineffective assistance of counsel present mixed questions of law and fact reviewable by this court de novo. See Duvall v. Reynolds, 139 F.3d 768, 776 (10th Cir.), cert. denied, 119 S. Ct. 345 (1998).

A short-barreled shotgun is defined as a shotgun

having one or more barrels less than eighteen inches in length and any weapon made from a shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than twenty-six inches.

18 U.S.C. § 921(a)(6). Defendant claimed that, had he known the precise definition of a short-barreled shotgun and of the government's burden to prove that his gun met that specification, he would not have pled guilty and would have challenged the sentencing enhancement.

The district court held a hearing on defendant's petition. There, defendant testified he sawed off the barrels of the shotgun he used in the robbery but did not know the gun's ultimate length. Defendant admitted that he had thrown the gun in a river after commission of the crime.

Also testifying at the evidentiary hearing was defendant's trial counsel who presented copies of correspondence between herself and defendant proving that defendant was well aware of the risk of enhancement for using a sawed-off shotgun. In summary, that evidence showed that, before sentencing, defendant wrote to counsel raising the question of whether he should argue about the length of the shotgun and whether it met the statutory requirements. Defendant was clearly aware that there are specific statutory length requirements before a weapon is considered a "short-barreled shotgun" and that the prosecution had the burden of proof on this issue.

In response to this letter, counsel reminded defendant that the two of them had discussed the issue of his possession of a sawed-off shotgun and whether defendant should go to trial on that issue and the two had concluded that it was to defendant's benefit to plead guilty to the weapons charge. Counsel then informed defendant that if he wished to pursue a challenge to the length of the shotgun at sentencing, it would first be necessary to withdraw his guilty plea. Defendant responded to this advice by directing counsel to proceed as scheduled with the sentencing and to forego filing any "motions of delay." See Appellee's Br. at Ex. 4.

Based on this and other evidence, the district court held that, both before the entry of the plea and before sentencing, defendant's attorney discussed the gun dimension issue with defendant and the fact that proving the length of the gun was the government's burden. The court further found that defendant understood the law regarding this matter. As a result, therefore, the district court held that defendant had not received ineffective assistance of counsel. Our de novo review of the record confirms this conclusion.

On appeal, defendant contends that the district court's inquiry regarding the ineffectiveness claim was "misdirected." See Appellant's Br. at 9. We disagree. The evidence is clear that counsel adequately "noticed" the issue and discussed it

-4-

with defendant.  She did not present and/or argue the issue further because defendant directed her not to as part of his plea bargain strategy.

When defendant pled guilty to count XI of the indictment he admitted that he had

> knowingly used and carried a firearm, to-wit: a sawed off shotgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit: assault with the intent to commit robbery of a postal employee as set forth in Title 18, United States Code, 2114.
>
> All in violation of Title 18, [Chapter 44], United States Code, Section 924(c)(1).

R. Vol. I, tab 14 at 6.

Section 924(c)(1) mandates a ten-year sentence for the use or carrying of a short-barreled shotgun.  By pleading guilty to this charge in the indictment, defendant not only admitted all the material facts alleged in the charge, see United States v. Kelsey, 15 F.3d 152, 153 (10th Cir. 1994), he further admitted guilt of the substantive crime, see United States v. Broce, 488 U.S. 563, 570 (1989).

Further, it is clear from the colloquy between defendant and the court during the plea hearing that defendant was well aware of the government's burden to prove the length of the shotgun and the fact that he faced a ten-year mandatory enhancement for its use.  See R. Vol. II at 2-5.  In explaining his plea to the court, defendant admitted using a sawed-off shotgun.  Id. at 6.

-5-

It is also abundantly clear from this record that defendant was well aware that the length of the shotgun he used would have a direct impact on the sentence he received. Both the district court and defendant's counsel expressly stated at the plea hearing that a guilty plea on the sawed-off shotgun charge would result in a mandatory ten-year sentence enhancement. See R. Vol. II at 4-5. Defendant elected to forego putting the government to its proof on the issue of the actual dimensions of the gun when he chose to plead guilty instead of going to trial. Defendant's admission at the plea hearing that he used a sawed-off shotgun in the commission of the crime was sufficient evidence to support his plea and resulting sentence. Defendant has therefore failed to establish that he received ineffective assistance of counsel.

Appellee's motion to supplement the record on appeal is GRANTED. Defendant's application for COA is DENIED, and this appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

-6-