F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 21 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY LEE BRIDGES,

Defendant-Appellant.

No. 99-3167
(D.C. No. 98-CR-40068)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Bobby Lee Bridges pled guilty to three counts of a four-count indictment charging him with conspiracy to manufacture

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

methamphetamine in violation of 21 U.S.C. § 846, manufacture of methamphetamine in violation of 21 U.S.C. § 841, and creating a substantial risk of harm to human life while manufacturing methamphetamine in violation of 21 U.S.C. § 858.  At sentencing, the district court used count three, creating a substantial risk of harm to human life while manufacturing methamphetamine, as the most serious count for purposes of grouping pursuant to U.S.S.G. § 3D1.2, and applied a three-level increase pursuant to U.S.S.G. § 2D1.10.   [1]  The court then applied a three-level reduction for acceptance of responsibility and departed downward pursuant to the government's U.S.S.G. § 5K1.1 motion stating that Bridges had rendered substantial assistance.  The court sentenced Bridges to 175 months' imprisonment on counts one and two and 120 months' imprisonment on count three to be served concurrently.  Bridges challenges his sentence on appeal.

Bridges states his appellate issues as:  (1) the sentencing court erred in assessing a three-level enhancement pursuant to U.S.S.G. § 2D1.10 over his objections without requiring the government to present evidence supporting the

---

[1]     The grouping provisions in U.S.S.G. § 3D1.2 were designed to help calculate a single offense level that most accurately reflects the combination of all the counts for which a defendant is convicted.     *See* U.S.S.G. Ch.3, Pt. D (intro. comment).  United States Sentencing Guideline § 3D1.2 sets forth the general rule that "[a]ll counts involving substantially the same harm shall be grouped together."  The guideline then sets forth four categories of offenses that involve "substantially the same harm."     *Id.*

enhancement; and (2) the sentencing court erred in using count three, endangering human life while illegally manufacturing a controlled substance, as the most serious count for grouping pursuant to U.S.S.G. § 3D1.2. [2]

"A district court's legal interpretation of the sentencing guidelines is reviewed de novo, while its factual findings are reviewed for clear error." *United States v. Keifer*, 198 F.3d 798, 801 (10th Cir. 1999). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

First, Bridges asserts that, in light of his objection to the presentence report and at sentencing, the government was required to "persuad[e] the district court of the propriety" of increasing his base offense level by three pursuant to U.S.S.G. § 2D1.10. Appellant's Br. at 9. United States Sentencing Guideline § 2D1.10 provides that a defendant convicted of "endangering human life while illegally manufacturing a controlled substance" is to receive a base offense level of the greater of "(1) **3** plus the offense level from the Drug Quantity Table in § 2D12.1;

---

[2] Bridges also claimed the sentencing court abused its discretion in determining the amount of downward departure it granted him under U.S.S.G. § 5K1.1. In their respective memorandum briefs filed in response to this court's June 16, 1999 order, the parties agreed that this court does not have jurisdiction to consider this issue. An appellate court does not have jurisdiction to review a district court's discretionary refusal to depart downward from the sentencing guidelines. *See United States v. Bromberg*, 933 F.2d 895, 896 (10th Cir. 1991). This "compels the conclusion that we also lack jurisdiction where the defendant complains that the district court's grant of a downward departure is too small." *Id*.

or (2) **20**." Bridges states that the guideline is not applicable because the offense did not result in a fire or other event which endangered human life.

Bridges' argument appears to assert that the government had the burden to prove at sentencing the facts underlying his conviction. In this attempt to forge a legal challenge into a factual dispute, Bridges misconstrues the law. First, as the sentencing court noted, § 2D1.10 does not require actual harm to human life, but only that human life be endangered. Second, a "defendant is . . . bound at sentencing by factual allegations that establish an element of the crime which he has admitted on pleading guilty." *United States v. Cazares*, 121 F.3d 1241, 1247 (9th Cir. 1997); *see also McCarthy v. United States*, 394 U.S. 459, 466 (1969) (holding that "a guilty plea is an admission of all the elements of a formal criminal charge"). We acknowledge that, pursuant to this court's precedent, "the government has the burden of proving sentence enhancements and increases." *Keifer*, 198 F.3d at 800. Bridges' guilty plea, however, "[was] the equivalent of admitting all material facts alleged in the charge" of endangering human life while illegally manufacturing methamphetamine. *United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994). Accordingly, the government was not required to produce further evidence proving the conduct underlying the charge for purposes of increasing his base offense level under U.S.S.G. § 2D1.10.

Next, Bridges contends that, because "only the ingredients and the apparatus necessary to potentially manufacture a controlled substance were discovered" at the scene, the endangerment to human life did not occur *while* he was manufacturing a controlled substance. Appellant's Br. at 10. Again, he attempts to challenge the factual basis of his guilty plea. This argument is equally unavailing for the same reasons stated above.

Offering a somewhat different theory in support of the same argument, Bridges contends that, because "the only controlled substance found at the situs of the lab at issue when the agents proceeded to the lab site was methamphetamine residue in a ziplock baggie," the amount of drug seized would not have produced an offense level "above 20 as required to trigger U.S.S.G. § 2D1.10 as the lead count." *Id.* at 11-12. In a rather convoluted manner, Bridges asserts that "the offense level referred to in U.S.S.G. § 2D1.10 refers to the drugs seized while defendant is manufacturing a controlled substance and the controlled substances found while defendant is manufacturing the controlled substance is then factored under § 2D1.1 for purposes of triggering § 2D1.10." *Id.*

Our reading of the transcript of Bridges' sentencing hearing does not indicate that Bridges lodged any objection resembling this argument with the sentencing court. Therefore, insofar as Bridges' argument is intended to challenge the quantity of drugs attributed to him for sentencing purposes,

"a defendant [must] raise alleged factual inaccuracies in a presentence report before the district court in order to preserve the issue on appeal." *United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991), *overruled on other grounds by Stinson v. United States*, 508 U.S. 36 (1993); *see also United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994) (holding that "[f]ailure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact" and precludes appellate consideration of an issue based on the admitted fact).[3] Moreover, we note that Bridges' plea included an agreement that he would not oppose the government's recommendation that he be sentenced for an amount in excess of 100 grams of methamphetamine–a quantity which would trigger the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b)(1)(A).[4] *See* R. Vol. IV, at 5.

Bridges pled guilty to three of the charges in the indictment alleging he conspired to and did manufacture methamphetamine and that, in so doing, he

---

[3]    Although we have reviewed sentencing errors that were not raised in the district court under a plain error standard, *see United States v. Orozco-Rodriguez*, 60 F.3d 705, 707 (10th Cir. 1995), plain error review is not appropriate when the alleged error involves the resolution of factual disputes. *See Saucedo*, 950 F.2d at 1518-19. Accordingly, because Bridges failed to raise this fact-dependent issue in the court below, he has waived it on appeal, and plain error review does not apply. *See id.* at 1518.

[4]    Section 841(b)(1)(A)(viii) provides that any person who is convicted of an offense involving 50 grams or more of methamphetamine, or a mixture containing the precursor chemicals of methamphetamine, "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life."

endangered the lives of others. He does not challenge the voluntary, knowing, and intelligent nature of his guilty plea. *See* Fed. R. Crim. P. 11. Thus, his plea is an admission that he is guilty of the substantive crimes with which he was charged. By pleading guilty, Bridges relinquished his right to contest the elements or material facts of the crimes at sentencing. *See McCarthy*, 394 U.S. at 466; *Kelsey*, 15 F.3d at 153. Moreover, Bridges pled guilty to the charge that he manufactured methamphetamine in violation of 21 U.S.C. § 841(a)(1). Even though the amount of methamphetamine is not an element of this crime, *see United States v. Silvers*, 84 F.3d 1317, 1320 (10th Cir. 1996), it is clear, and Bridges does not refute, that in his plea agreement he stipulated to the amount of methamphetamine attributable to him for sentencing purposes, a fact he did not object to in the presentence report or at sentencing.

Thus, based on Bridges' guilty plea, he was properly sentenced, and his sentence is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-7-