**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

FRANCIS T. DEUTSCH,

      Petitioner-Appellant,

v.

E.J. GALLEGOS, F.P.C. FLORENCE,

      Respondent-Appellee.

No. 04-1194
(D.C. No. 03-B-1842 (OES))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Francis T. Deutsch, proceeding pro se, appeals the district court's dismissal

of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We exercise

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

I

On April 13, 1995, Mr. Deutsch was arrested and held without bond pending fraud charges. In February 1996, he pleaded guilty to charges of wire fraud in two cases in the United States District Court for the Central District of California. On May 13, 1996, he also pleaded guilty to one count of interstate transportation of monies obtained by fraud in the United States District Court for the Southern District of Illinois. The Southern District of Illinois sentenced Mr. Deutsch and entered judgments of conviction against him for all three cases.

The district court's judgment of conviction in the Illinois case set forth "May 13, 1996" as the date the offense concluded, leading the United States Bureau of Prisons (BOP) to classify the sentence as a sentence under the Prison Litigation Reform Act (PLRA), rather than a sentence under the Sentencing Reform Act of 1984 (SRA). According to the BOP, a sentence must be classified as a PLRA sentence if the offense date is on or after the PLRA's effective date of April 26, 1996. Of the two California cases, the BOP classified one as an SRA sentence and the other as a Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) sentence. Classifications are important because they affect the execution of a sentence. In this case, the PLRA classification means that the

sentence for the Illinois case could not be aggregated with the sentences for the California cases, while the SRA and VCCLEA classifications allowed the two California cases to be aggregated.

Mr. Deutsch filed a motion under Federal Rule of Criminal Procedure 36 in the Southern District of Illinois, requesting that the court correct the "offense concluded date" in the judgment because none of his offense conduct had extended beyond his arrest in April 1995. *See Deutsch v. United States*, No. 98-2707, 2000 WL 874913, at *1 (7th Cir. June 29, 2000) (unpublished decision). The district court denied the request. *Id.* On appeal, the United States Court of Appeals for the Seventh Circuit held that the date on the judgment could not be modified pursuant to Rule 36. *Id.* It further held that Mr. Deutsch's challenge to the BOP's calculation of his sentence should be brought in his district of confinement under § 2241. *Id.* It then held that, in any event, his appeal was moot because he had already begun supervised release. *Id.*

On August 21, 2002, Mr. Deutsch's supervised release was revoked and he was sentenced to sixty-one months of imprisonment (a total of sixty months for the California convictions, and one month for the Illinois case), which he is currently serving in Florence, Colorado. The BOP treated the one-month sentence for the Illinois case as a PLRA sentence and did not aggregate it with the total sixty-month sentence for the other offenses. The one-month sentence is too short

to allow Mr. Deutsch to earn good-time credits during that month, meaning that his revocation sentence without aggregation is slightly longer than it would be if his sentence for the Illinois case were aggregated with the other sentences.

Following the Seventh Circuit's suggestion in its 2000 decision, Mr. Deutsch filed a § 2241 petition in the United States District Court for the District of Colorado. After the district court denied his motion, Mr. Deutsch appealed. The appellee has filed a response, and this appeal is ripe for decision.

II

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "We review the district court's dismissal of a § 2241 habeas petition de novo." *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir.), *cert. denied*, 125 S. Ct. 809 (2004).

Here, Mr. Deutsch challenges the BOP's classification of his sentence for the Illinois case as a PLRA sentence and its refusal to aggregate the one-month revocation sentence with his other sentences. The documents before us include: an undated information containing one count under 18 U.S.C. §§ 2314 and 2; a plea agreement, which the Assistant United States Attorney signed on March 26, 1996, and Mr. Deutsch and his counsel signed on May 13, 1996; a Stipulation of Facts, which the Assistant United States Attorney signed on May 10, 1996, and

Mr. Deutsch and his counsel signed on April 4, 1996; a presentence investigation report (PSR) dated November 5, 1996; revisions to the PSR dated November 13, 1996; Mr. Deutsch's original conviction dated January 16, 1997, in the Illinois case; and the judgment dated August 21, 2002, revoking Mr. Deutsch's supervised release in the Illinois case. Our review of these documents indicates that Mr. Deutsch's offense likely did not continue past the PLRA's effective date.

We recognize that the January 16, 1997, judgment lists "May 13, 1996," Mr. Deutsch's plea date, as the offense conclusion date. R. Doc. 12, attach. A-054. But that judgment also adopts the PSR's factual findings as its statement of reasons. *Id.*, attach. A-061. In its description of the facts underlying the Illinois case, the PSR indicates that Mr. Deutsch's offenses occurred in 1993, 1994, and early 1995. Further, nothing in the stipulated facts or the plea agreement indicates that the offense underlying the Illinois case continued past Mr. Deutsch's arrest and detention in April 1995, much less that it continued past April 26, 1996, so as to become a PLRA offense. Both the PSR and the Stipulation of Facts include a list of victims in which all transactions are dated 1994. The PSR includes a supplementary list of victims, but again all the listed transactions occurred in 1993 or 1994.

We have not ignored the information to which Mr. Deutsch pleaded guilty. We acknowledge that a defendant who pleads guilty admits all the material facts

-5-

in the charge. *See United States v. Kelsey*, 15 F.3d 152, 153 (10th Cir. 1994). The information, however, simply states that Mr. Deutsch and others took certain actions "[b]eginning in or about and between 1993 and continuing through the present, both dates being approximate and inclusive," Supp. App. Ex. A at 1, and "[o]n or about December 13, 1994, and continuing through the present, both dates being approximate and inclusive," *id.* at 4. The information itself is not dated, so it impossible to determine from the face of the document what the end date of the offense is alleged to be. The information was apparently submitted when Mr. Deutsch entered his guilty plea on May 13, 1996, only a few weeks after the effective date of the PLRA. Given the close proximity of events and the use of the term "approximate" in the plea, however, we are not convinced that Mr. Deutsch admitted, by virtue of his guilty plea, that his offenses actually continued past April 25, 1996.

Because the judgment relies on the factual findings of the PSR, and because neither the PSR nor any of the other documents underlying the Illinois case support a finding that Mr. Deutsch's criminal conduct continued past his arrest in April 1995, it appears that the Illinois case should not properly be considered a PLRA sentence.

## III

Having concluded that Mr. Deutsch's Illinois sentence might be improperly classified, we consider the appropriate remedy. The Attorney General, through the BOP, does not impose or determine sentences; he merely executes them. *See generally* 18 U.S.C. § 3621. Thus, we are sympathetic to Warden Gallegos' claim that the BOP is bound by the clear terms of the January 16, 1997, judgment of conviction. We also recognize that the United States District Court for the Southern District of Illinois is under the jurisdiction of the United States Court of Appeals for the Seventh Circuit, rather than this court. *See* 28 U.S.C. § 41.

We note, however, that the BOP has procedures whereby it can seek clarification from a sentencing court in implementing its duty to execute sentences properly. *See* U.S. Dep't of Justice, Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), at 1-6, 1-77 to 1-78, 1-99. For example, Program Statement 5880.28 provides that in cases of ambiguity of the date of offense, "then, in accordance with the procedures set forth in the Inmate Systems Management Manual, the court shall be contacted to ascertain the correct offense date." *Id.*, at 1-6. In turn, the Inmate Systems Management Manual directs the BOP to write a letter to the prosecuting Assistant United States Attorney "seeking clarification from the court." U.S. Dep't of Justice, Program Statement 5800.13, Inmate Systems Management Manual, at 6-2.

In light of these procedures, we reverse and remand these proceedings to the district court with instructions to direct Warden Gallegos as follows: within thirty (30) days of the date of this order, the BOP, through Warden Gallegos or such other BOP personnel as the BOP shall deem appropriate, in the manner set forth by the BOP's Inmate Systems Management Manual, Program Statement 5800.13, shall request the assistance of the office of the United States Attorney for the Southern District of Illinois in bringing this matter before the sentencing court for clarification and direction. The BOP shall ensure that the appropriate materials are submitted to the sentencing court within sixty (60) days of the date of this order and judgment. The term "appropriate materials" is intended to include a copy of this order and judgment, and, if such materials are not readily available to the district court, complete copies of the documents listed in the second paragraph of this section II.

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). Given our federal court system's basic obligation to do justice, we trust that Warden Gallegos and the BOP, the office of the United States Attorney for the Southern District of Illinois, and the

United States District Court for the Southern District of Illinois shall make every effort to ensure that Mr. Deutsch's sentence is classified as required by the facts of the case.

III

Mr. Deutsch's motion to proceed on appeal in forma pauperis is GRANTED. The judgment of the district court is REVERSED, and the matter is REMANDED for additional proceedings consistent with this order and judgment.

Entered for the Court


Mary Beck Briscoe
Circuit Judge